```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN


PRESTIGE PROPERTY MANAGEMENT,  )
LLC,                           )
                               )
            Plaintiff,         )
                               )    Civil No. 2019-3
        v.                     )
                               )
 DEL ENTERPRISE, LLC,          )
                               )
            Defendant.         )
                               )
```

**APPEARANCES:**

**David J. Cattie**
The Cattie Law Firm, P.C.
St. Thomas, U.S.V.I.
    *For Prestige Property Management, LLC.*

## JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of Prestige Property Management, LLC, for default judgment against DEL Enterprise, LLC.

    **I.    FACTUAL AND PROCEDURAL HISTORY**

Having reviewed the record, the Court makes the following findings of fact:

1. Prestige Property Management, LLC, ("Prestige") is a company that acts as an agent for owners of Virgin Islands

    residential properties. The owners, represented by Prestige, provide rental housing in the Virgin Islands.

2. DEL Enterprise, LLC, ("DEL") is a demolition, excavation, and logging company.

3. In July, August, and September, 2018, DEL sent its employees to perform hurricane recovery work on St. Thomas.

4. During that time, DEL entered twelve contracts with Prestige for the provision of rental housing to DEL's employees. *See* Mot. for Default J. Ex. at 6-29.

5. Each contract specifies that DEL would pay $247 per person, per night. *Id.* Each contract also specifies that a 12.5% hotel occupancy tax would be added to the total gross rental amount. *Id.* Additionally, each contract provides that DEL may be liable to Prestige for any damage or loss caused by DEL or its guests. *Id.*

6. From July, 2018, through September, 2018, DEL's employees resided at the twelve rental properties provided by Prestige for a total of 1336 nights.

7. On or around October 24, 2018, an owner of one of the rental properties provided to DEL sent Prestige an invoice for missing items and damage to the rental property allegedly caused by DEL's employees. The total amount of

    the invoice was $2,115.85. *See* Mot. for Default J. Ex. at 42. Prestige paid the owner for the damages.

8. On November 4, 2018, Prestige purchased a Bluetooth speaker to replace a Bluetooth speaker allegedly missing from another rental property provided to DEL. Prestige paid $351.76 for the replacement speaker. *See* Mot. for Default J. Ex. at 43.

9. To date, DEL has not paid Prestige for the rental housing provided to DEL's employees. Additionally, DEL has not paid for the alleged damages or missing items.

10. On January 17, 2019, Prestige filed the instant complaint against DEL. The complaint alleges four counts against DEL. Count One alleges breach of contract. Count Two alleges unjust enrichment. Count Three alleges breach of the duty of good faith and fair dealing. Count Four alleges fraud in the inducement.

11. DEL has not filed its answer to the complaint or otherwise appeared in this action. On May 22, 2019, the Clerk of Court entered default against DEL.

12. On July 11, 2019, Prestige moved for entry of default judgment. In its motion, Prestige also requests that the Court dismiss Counts Three and Four without prejudice.[1]

13. Under the twelve rental housing contracts, DEL owes Prestige for 1336 nights of lodging in the amount of $329,992; plus the 12.5% hotel occupancy tax in the amount of $41,249. The total amount DEL owes to Prestige under the twelve rental housing contracts is $371,241.

## II. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). In considering a motion for default judgment, the factual allegations in the complaint are treated as conceded by the

---

[1] The Court construes this request as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Several circuits have found that "form should not usurp substance," *Ilaw v. United States*, 632 F. App'x 614, 618 (Fed. Cir. 2015), with respect to a voluntary dismissal pursuant to Rule 41(a)(1). *See, e.g., Smith v. Potter*, 513 F.3d 781, 782-83 (7th Cir. 2008) (finding that a document captioned "motion to voluntarily dismiss" constituted a "notice of dismissal" for purposes of Rule 41(a)(1)(A)(i), thus warranting a dismissal without prejudice); *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) ("Although Rule 41(a)(1) was not cited in the Motion for Dismissal, there is no question that the plaintiffs were acting pursuant to it. That it was styled a 'Motion for Dismissal' rather than a 'Notice of Dismissal' is, in our opinion, a distinction without a difference."); *Garber v. Chi. Mercantile Exch.*, 570 F.3d 1361 (Fed. Cir. 2009) (relying on *Smith* in holding that the parties' agreement satisfied the requirements of Rule 41(a)(1)(A)(ii) despite deviations from the standard form, *i.e.*, the inclusion of an additional proposed order). As such, Prestige's notice of dismissal operates to automatically dismiss Counts Three and Four.

defendant, except those relating to the amount of damages. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir.2005); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990). Default judgment is only appropriate where a plaintiff's well-pleaded facts, taken as true, demonstrate that the plaintiff is entitled to relief. *See, e.g., City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 n. 23 (2d Cir. 2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default Judgment unless the plaintiff's complaint states a valid facial claim for relief.").

Even where a plaintiff is entitled to default judgment, the plaintiff is still "required to prove the amount of damages that should be awarded." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 (8th Cir.1993). Instead of relying on the allegations in the complaint, the Court must conduct an inquiry to ascertain the amount of damages. *See* Fed. R. Civ. P. 55(b) ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages . . . ."); *see also United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir.1989) (explaining that a default judgment may be entered without an evidentiary hearing on damages so long as the amount of damages is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed

affidavits"); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir.1985) ("Damages may be awarded [in a default judgment] only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (internal quotation omitted)).

A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Nationstar Mortgage, LLC v. Florio*, No. CV 2012-0033, 2014 U.S. Dist. LEXIS 89339, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## III. ANALYSIS

In Count One of its complaint, Prestige seeks damages from DEL for DEL's alleged failure to make contractual payments as required by the rental agreements between Prestige and DEL. In order to establish a breach of contract claim under Virgin Islands law, a plaintiff must establish: "(1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 620 (2017). An agreement may be either express, one which is stated in oral or written words, or implied wholly or partially from the parties' conduct. *See* Restatement (Second) of Contracts § 4; *Delta Elec. v. Biggs*, 2011 U.S. Dist. LEXIS 107805, *10, 63 V.I. 876 (D.V.I. App. Div. 2011).

In support of its motion for default judgment, Prestige directs the Court to the Affidavit of Justin Thomas. *See* Affidavit of Justin Thomas, ECF 12-1. Justin Thomas ("Thomas") avers that he is the managing member of Prestige. Thomas avers that DEL signed twelve separate rental agreements with Prestige. Those rental agreements require DEL to pay Prestige $247 per night per person, plus a 12.5% hotel occupancy tax, for the twelve rental properties provided by Prestige. DEL's employees resided at the twelve rental properties provided by Prestige for a total of 1336 nights. As such, DEL was required to pay

Prestige $371,241 pursuant to the twelve rental contracts. Thomas further avers that DEL failed to make the rental payments due under the twelve rental agreements. Further, Prestige has suffered damages in the amount of the unpaid rent and hotel occupancy tax.

The facts adduced by Prestige establish each of the elements for a breach of contract claim. As such, Prestige is entitled to recover on its breach of contract claim.

Count Two of Prestige's complaint alleges a claim for unjust enrichment. There are three elements to a claim for unjust enrichment, or "quasi-contract," in the Virgin Islands: "(1) a party must confer benefits on another party; (2) there must be an appreciation of the benefits by the recipient; and (3) there must be an acceptance and retention of these benefits in such circumstances that it would be inequitable for the recipient to retain the benefits without payment of value." *Terrace v. Williams*, 52 V.I. 225, 244 (2009). Unjust enrichment is not available when an adequate remedy at law is available. *See* Restatement (First) of Restitution § 160 cmt. f (1937) (explaining that when an adequate remedy at law is available, then the equitable remedy for unjust enrichment is unavailable); *see also National Sec. Systems, Inc. v. IOLA*, 700 F.3d 65, 101 (3d Cir. 2012) (citing to the Restatement (First) of Restitution

as persuasive authority for when a party can use a restitution theory of reimbursement).

In Count Two, Prestige seeks recovery for the same underlying conduct giving rise to Count One. The Court has already found that Prestige is entitled to recover on its breach of contract claim. Thus, Prestige has an adequate remedy at law for the conduct alleged in Count Two. Under these circumstances, a claim of unjust enrichment is unavailable to Prestige. *See Cacciamani & Rover Corp. v. Banco Popular de P.R.*, 61 V.I. 247, 252-53 (2014) (adopting the "barred by contract rule" whereby "'no [equitable] quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests,' since legal remedies are available to a plaintiff in a breach of contract action").

The premises considered, it is hereby

**ORDERED** that the motion of Prestige for default judgment, ECF No. 12, is **GRANTED** with respect to Count One of the Complaint, alleging breach of contract; it is further

**ORDERED** that Prestige shall recover from DEL $371,241; it is further

**ORDERED** that Count Two of the Complaint, for unjust enrichment, is **DISMISSED**; it is further

**ORDERED** that the trial setting in this matter is **VACATED;** it is further

**ORDERED** that all pending motions are **MOOT;** and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____
**Curtis V. Gómez
District Judge**